## William D. Cornwell v. Ellison G. Foord and Elizabeth Foster.

1. AGENTS—*Their Duty to Their Principals.*—The law will not tolerate an agent in taking advantage of the fiduciary relation which he sustains to his principal, and procure to himself the subject-matter of the agency.

**Bill in Chancery**, to recover moneys converted by an agent. Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

ARTHUR H. FROST and ROBERT G. McEVOY, attorneys for appellant.

ROBERT W. WRIGHT, attorney for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed by appellees against appellant to recover money of which they charged him with having defrauded them while acting as their agent, in the sale of certain premises in Belvidere, Illinois. The bill alleges that for many years prior to September 1, 1899, they were the owners of the premises in question, and that for some time prior thereto they both lived outside of the State of Illinois; that on said date and for many years prior, William D. Cornwell, who was a real estate agent at Belvidere, had been employed by appellee to collect their rents, look after the property and sell the same for the best price he could fairly obtain; that in the course of his employment as such agent, appellant received *bona fide* offers for said property, on one occasion of $2,250, and on numerous occasions of $2,000, none of which he communicated to appellees; that because of his failure to disclose the offers he had received, appellees were led to believe that the premises were not reasonably worth more than $1,600, and were induced to sell and convey to appellant said premises for said sum; that they would not have executed the deed of conveyance to said premises for said amount had appellant disclosed to them the value of said premises and the offers he had

received therefor; that while appellant was negotiating with one of appellees for her interest in the premises and before he had received a deed therefor, he was offered the sum of $2,000 for said premises by one Kitty Palmer, of which he neglected to inform appellees or either of them; that in about one month after he became the owner of the premises he sold the same to William S. Brown for $2,500 or $2,600; that said premises were reasonably worth that amount, and that they are entitled to recover from appellant the difference between the fair market value of said premises, and said $1,600 which he paid them for the same. The bill prays that a hearing may be had as to the value of said premises at the time appellees conveyed the same to appellant, and for a decree directing him to pay them whatever amount they are fairly entitled to recover. By an amendment to the bill appellees asked that the amount received by Cornwell be ascertained and established by the court and such sum be decreed to belong to appellees, less the sum of $1,600 paid to them by Cornwell; that appellant be decreed to have held said premises in trust for appellees at the time he sold the same to said Brown, and now holds said money as a trust fund for them. In his answer appellant states as to the offer of Kitty Palmer of $2,000, that it was made after appellees had sold the premises to him and the trade had been consummated, and that under such circumstances appellant was not bound in law or equity to communicate the same to appellees or either of them. The other material allegations of the bill he denies. The case was referred to the master, who filed his report sustaining the bill, finding that appellant held said property as trustee for appellees at the time he made said sale, and that he received said sum of $2,600 from said Brown as such trustee for appellees; that complainants were entitled to a decree against appellant for $1,000, being the difference between the price paid by appellant to appellees, and that received by him from said Brown. The master also found that appellant had improved the property to the amount of $100, but that he had done so without authority and was not entitled to recover therefor.

Objections were filed to the master's report, which were overruled and renewed as exceptions on the hearing. The court overruled all exceptions to the master's report except as to the item for improvements made on the premises which the court found to amount to $200 and for which appellant was allowed, and entered a decree directing appellant to pay appellees $800 and interest from September 1, 1899. To this decree appellant excepted and appealed to this court.

The errors assigned are in substance the overruling of the exceptions to the master's report, except as to the amount allowed appellant for improvements. Appellees assigned cross-errors to that portion of the decree permitting appellant to retain for improvements $200 of the money received by him.

For many years appellant was the agent of appellees in regard to the management and sale of the premises in question and the relation between them was fiduciary in its nature to the time of the delivery of the deed to him July 28, 1899. While appellees appear to have refused larger offers for the premises than those they complained of as not being referred to them, yet that did not authorize appellant to refrain from making known smaller offers and then purchase the premises at a much less price than the offers not made known.

On March 20, 1899, appellant received a letter from P. W. Newcomer asking whether $2,400 would buy the property. This letter he not only failed to communicate to appellees, but he also neglected to answer the same until July 31st following, after he had himself obtained the deed. Appellant claims that he communicated to appellees the Palmer offer of $2,000 for the property, made some time before the sale, but even if it is true that he did this he did not tell them that it was a continuing offer and wholly neglected to tell them that the offer was renewed, as it was, at the time he was negotiating with appellees for the property. It appears from Mrs. Palmer's testimony that appellant told her when the offer was renewed, that he would

Cornwell v. Foord.

ascertain for her what appellees would do and let her know, and this is not denied by him. It was his duty to have conveyed this knowledge to appellees, as it was simply the continuation of a former offer, and his failure to do so was a betrayal of the confidence placed in him.

In the case of Prince v. Dupuy, 163 Ill. 417, one Johnson sent a deed to his agent to be delivered to Dupuy. Prince did not deliver the deed but after keeping it awhile wrote to Johnson that he would take the land himself, and obtained a deed from his principal, for the same consideration Dupuy was to pay. Prince concealed the fact that he had information tending to show that the property was worth more than the price named and that Dupuy would probably give more. Johnson afterward learning of these facts, demanded a reconveyance, and it being refused, conveyed the property himself to Dupuy, who filed a bill to set aside the deed to Prince as a cloud upon his title. A decree setting aside the deed to Prince was sustained by the Supreme Court. The court held that the fact the price which Prince actually paid for the deed was the same that Dupuy was to pay, did not excuse Prince or make his act any less the violation of a duty he owed his principal. It was also said by the court, "the agent took advantage of the fiduciary relation which he sustained to his principal to procure for himself the subject matter of the agency. This the law will not tolerate."

The facts in the case before us are much stronger, in our opinion, against the agent, than those in the case above quoted; and the court properly decreed that appellant should not be permitted to retain the fruits of his own wrong doing.

There was no error in permitting appellant credit for the $200 shown to have been used by him to improve the place. This expenditure increased the value of the premises and no doubt made them sell to a better advantage. The cross-errors assigned by appellees, therefore, can not be sustained. For the reasons above given the decree of the court below is affirmed.