# James C. Jacobs, Defendant in Error, v. Elling Eide, Plaintiff in Error.

## Gen. No. 16,588.

PRINCIPAL AND AGENT—*obligations of latter*. An agent is bound to act fairly and truthfully with his principal and not to deceive him to his injury for the purpose of obtaining some advantage to himself.

Tort. Error to the Municipal Court of Chicago; the HON. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

RICHARD J. COONEY and JOHN A. VERHOEVEN, for appellant.

MICHAEL F. SULLIVAN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

James C. Jacobs brought an action in tort against Elling Eide, based upon an alleged fraud through which, it was claimed, Eide unlawfully obtained certain money from the plaintiff, Jacobs. The issue was tried by a jury which returned a verdict for the plaintiff, upon which judgment was entered, which this court is asked to reverse.

The evidence tended to show that Eide was in the real estate business on the Northwest side of Chicago, in the neighborhood of the residence of Jacobs; that Jacobs had purchased his residence through Eide on the contract plan, and that the next door neighbor of Jacobs also had purchased through Eide his premises on the same plan. This neighbor, Schmidt, was unable to meet the monthly payments and was about to default on his contract, when Eide came to Jacobs and suggested that he, Eide, could get said premises for Jacobs. Several conversations were had between the two. Eide told Jacobs that Schmidt owed him, Eide, $100 on a note, and that if Jacobs would purchase Schmidt's interest in said premises he, Eide, would not charge him anything as commission but would be satisfied by getting the $100 that Schmidt owed him. Eide, on behalf of Jacobs, purchased Schmidt's interest in this property, paying Schmidt $100 in cash and canceling said note, making $200 for Schmidt's interest, but representing to Jacobs that he had to pay Schmidt for his interest $500. Thereupon, relying on Eide's statement, Jacobs paid him $150 in cash and gave him a note jointly executed by himself, wife and a minor son, for $350, due two years after date, with interest at 6 per cent. Before the maturity of the note Eide endorsed the same to his daughter, who subsequently sued thereon and recovered a judgment against Jacobs and his wife, which judgment was satisfied. The evidence further tends to show that when Jacobs stated

to Eide that he himself would like to talk with Schmidt, Eide discouraged such efforts and said that Schmidt would not sell to Jacobs if he, Schmidt, knew that Jacobs was the proposed purchaser. On the other hand, when Schmidt asked Eide who the proposed purchaser was, Eide told him that he lived on Grand street and worked nights, which was contrary to the facts. Notwithstanding that Jacobs lived next door to Schmidt, Eide concealed from Schmidt the fact that he was the proposed purchaser, although asked concerning it several times.

The theory of the defense was that Schmidt was in default to the extent of several monthly installments upon his contract with Newberry & Co., the original owners, and that to avoid a forfeiture of the contract Eide paid a number of these installments; that as Jacobs assumed the obligations of the Newberry-Schmidt contract, Eide was therefore entitled to reimburse himself for advances made by him out of the money paid by Jacobs for Schmidt's equity.

The errors suggested to this court as grounds for reversing the case relate to the rulings of the trial court in excluding testimony tending to show these alleged defaults on the Schmidt contract and the advances made by Eide thereon, and, in brief, testimony tending to show the accounts between Newberry & Co., Schmidt and Eide.

We are of the opinion that the trial court did not err in these rulings. The gist of the action was the deceit of Eide towards Jacobs while acting as the agent of Jacobs. Therefore, it was incompetent to prove some alleged equitable right in Eide to reimbursement for advances made for Schmidt. Eide was bound to act fairly and truthfully with his principal, and not to deceive him to his injury for the purpose of obtaining some advantage to himself. "If confidence is reposed, it must be faithfully acted upon and preserved from any intermixture of imposition. The

party relied upon must see, that he meets fairly and squarely the responsibility of his position, and does not take any advantage, either for his own gain, or to the injury of the person whom he represents." Salsbury v. Ware, 183 Ill. 505 (511). See also Kerfoot v. Hyman, 52 Ill. 512, and Cornwell v. Foord, 96 Ill. App. 366.

Criticism is made of an instruction given by the court, but upon examination and consideration of the same we cannot conclude that it was misleading.

Therefore the judgment will be affirmed. ·

*Affirmed.*